**10      2405**      FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

★ MAY 27 2010 ★

-------------------------------------------------------------------------X

BROOKLYN OFFICE

CARODEN TAFFE, IVY ROSE, ANGELA DARBY,
JOAN MORRISON, VALENCIA SMITH, SADE WILLIAMS,
TELIKI EUBANKS, SUSHAWNA LEWIS, and KEMAR GAYLE,

**COMPLAINT**

                                            Plaintiffs,

Docket No.

                    -against-

Jury Trial Demanded

CITY OF NEW YORK, LOUIS PEPE, and JOHN and JANE
DOE 1 through 10, individually and in their official capacities,
(the names John and Jane Doe being fictitious, as the true names
are presently unknown),

**MAUSKOPF, J.**

                                            Defendants,

**CARTER, M.J.**

-------------------------------------------------------------------------X

Plaintiffs CARODEN TAFFE, IVY ROSE, ANGELA DARBY, JOAN MORRISON,

VALENCIA SMITH, SADE WILLIAMS, TELIKI EUBANKS,  SUSHAWNA LEWIS, and

KEMAR GAYLE, by their attorneys, Leventhal & Klein, LLP, complaining of the defendants,

respectfully alleges as follows:

## PRELIMINARY STATEMENT

1.      Plaintiffs bring this action for compensatory damages, punitive damages and

attorney's fees pursuant to 42 U.S.C. §§ 1981, 1983 and 1988 for violations of their civil rights,

as said rights are secured by said statutes and the Constitutions of the State of New York and the

United States.  Plaintiffs also assert supplemental state law claims.

## JURISDICTION

2.      This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the

Fourth and Fourteenth Amendments to the United States Constitution.

3.      Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4.      Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.      Plaintiff CARODEN TAFFE is a forty-seven year old African American woman who resides in Brooklyn, New York.

7.      Plaintiff IVY ROSE is an eighty-five year old African American woman who resides in Brooklyn, New York.

8.      Plaintiff ANGELA DARBY is a fifty-two year old African American woman who resides in Brooklyn, New York.

9.      Plaintiff JOAN MORRISON is a forty-eight year old African American woman who resides in Brooklyn, New York.

10.     Plaintiff VALENCIA SMITH is a twenty-nine year old African American woman who resides in Brooklyn, New York.

11.     Plaintiff SADE WILLIAMS is a twenty-four year old African American woman who resides in Brooklyn, New York.

12.     Plaintiff TELIKI EUBANKS is a twenty-three year old African American woman who resides in Brooklyn, New York.

13.     Plaintiff TELIKI EUBANKS is a twenty-three year old African American woman who resides in Brooklyn, New York.

2

14.    Plaintiff SUSHAWNA LEWIS is a twenty-two year old African American woman who resides in Brooklyn, New York.

15.    Plaintiff KEMAR GAYLE is a twenty-nine year old African American man who resides in Brooklyn, New York.

16.    Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

17.    Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

18.    That at all times hereinafter mentioned, the individually named defendants LOUIS PEPE, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

19.    That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

20.    Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

21.    On February 28, 2009, at approximately 6:00 a.m., the defendant NYPD police

3

officers broke the front door of 1066 East 38th Street, Brooklyn, New York, and entered said location with firearms drawn. The defendant officers pointed their firearms at plaintiffs CARODEN TAFFE, IVY ROSE, ANGELA DARBY, JOAN MORRISON, VALENCIA SMITH, SADE WILLIAMS, TELIKI EUBANKS, and SUSHAWNA LEWIS, placed handcuffs on plaintiffs' wrists, and imprisoned plaintiffs. A defendant officer kicked plaintiff KEMAR GAYLE on his face and head, and placed handcuffs on plaintiff GAYLE'S wrists. Thereafter, defendant officers removed the handcuffs from plaintiff ROSE'S wrists and released her.

22.     The defendants imprisoned plaintiffs CARODEN TAFFE, ANGELA DARBY, JOAN MORRISON, VALENCIA SMITH, SADE WILLIAMS, and SUSHAWNA LEWIS, for approximately forty (40) hours. At approximately 10:00 p.m. on March 1, 2009, the defendants released said plaintiffs without filing any charges whatsoever against them. Plaintiff TELIKI EUBANKS was also arrested and imprisoned with the other plaintiffs, but was released from the precinct on February 28, 2009.

23.     While plaintiffs CARODEN TAFFE, ANGELA DARBY, JOAN MORRISON, VALENCIA SMITH, SADE WILLIAMS, and SUSHAWNA LEWIS, were imprisoned in Kings County Central Booking, said plaintiffs were subjected to a humiliating and unlawful strip search. The defendants compelled said plaintiffs to remove their clothing and to squat.

24.     Defendant NYPD officers imprisoned plaintiff KEMAR GAYLE until his arraignment in Kings County Criminal Court on baseless charges filed under docket numbers 2009KN016878; said charges having been filed based on the false allegations of defendant police officers. The defendants initiated said prosecution with malice, and otherwise caused said prosecution to be commenced against plaintiff GAYLE for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to cover up the above

4

mentioned abuse of authority and use of excessive force.

25.     A defendant police officer's sworn statements to the Kings County District
Attorney's office and to the Kings County Criminal Court caused plaintiff GAYLE to be
transported to and incarcerated on Riker's Island after his arraignment. Plaintiff GAYLE was
imprisoned on Riker's Island until on or about February 3, 2009, in the morning, when he was
released after posting bail. While on Riker's Island, plaintiff GAYLE was subjected to filthy and
otherwise deplorable conditions of confinement. Plaintiff GAYLE was also strip searched in
view of other inmates.

26.     Over the course of the next fifteen months, the malicious prosecution compelled
plaintiff GAYLE to return to Court numerous times.

27.     On May 11, 2010, all of the purported charges levied against plaintiff GAYLE
based on the false allegations of the defendants were dismissed and sealed in Kings County
Criminal Court.

28.     All of the above occurred while other NYPD officers failed to intervene in the
illegal conduct described herein.

29.     All of the above occurred as a direct result of the unconstitutional policies,
customs or practices of the City of New York, including, without limitation, the inadequate
screening, hiring, retaining, training, promoting, compensating, and supervising of its employees,
and due to discrimination against plaintiffs due to their race and/or nationality.

30.     The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK
is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affair
Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD
officers, including the defendants, are insufficiently trained regarding: the proper way to execute

5

search warrants and investigate an incident; the treatment of innocent and/or uninvolved individuals who are found at the location of an execution of a search warrant, and; the legality of subjecting an individual to a strip search.

31.     Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiffs' civil rights.

32.     Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

33.     As a result of the foregoing, plaintiffs sustained, *inter alia*, physical injuries, emotional distress, embarrassment, humiliation, and deprivation of their constitutional rights.

### Federal Claims

## AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. §§ 1981 and 1983)

34.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs "1" through "33" with the same force and effect as if fully set forth herein.

35.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

36.     All of the aforementioned acts deprived plaintiffs, members of a racial minority, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth

6

and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §§ 1981 and 1983.

37.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

38.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

39.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## AS AND FOR A SECOND CAUSE OF ACTION
### (False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

40.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "39" with the same force and effect as if fully set forth herein.

41.     Defendants arrested plaintiffs without probable cause, causing them to be detained against their will for an extended period of time and subjected to physical restraints.

42.     Defendants caused plaintiffs to be falsely arrested and unlawfully imprisoned.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Unlawful Strip Search under 42 U.S.C. §1983)

43.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "42" with the same force and effect as if fully set forth herein.

44.     Defendants strip searched plaintiffs CARODEN TAFFE, ANGELA DARBY,

JOAN MORRISON, VALENCIA SMITH, SADE WILLIAMS, TELIKI EUBANKS, and

SUSHAWNA LEWIS, in the absence of reasonable individualized suspicion that plaintiffs were

in possession of weapons or contraband at the time they were searched.

45.    Defendants thereby caused plaintiffs CARODEN TAFFE, ANGELA DARBY,

JOAN MORRISON, VALENCIA SMITH, SADE WILLIAMS, TELIKI EUBANKS, and

SUSHAWNA LEWIS, to be deprived of their right to be free from unlawful strip searches.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Malicious Prosecution under 42 U.S.C. § 1983)

46.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in

paragraphs numbered "1" through "45" with the same force and effect as if fully set forth herein.

47.    Defendants initiated, commenced and continued a malicious prosecution against

plaintiff KEMAR GAYLE.

48.    Defendants caused plaintiff KEMAR GAYLE to be prosecuted without any

probable cause until the charges were dismissed on or about May 11, 2010.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Malicious Abuse of Process under 42 U.S.C. § 1983)

49.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in

paragraphs numbered "1" through "48" with the same force and effect as if fully set forth herein.

50.    Defendants issued criminal process against plaintiff KEMAR GAYLE by causing

his arrest and prosecution in Kings County Criminal Court.

51.    Defendants caused plaintiff KEMAR GAYLE to be arrested and prosecuted in

order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to

cover up their abuse of authority, and use of excessive force, and thereby violated plaintiff's

right to be free from malicious abuse of process.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

52.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "51" with the same force and effect as if fully set forth herein.

53.     Defendants had an affirmative duty to intervene on behalf of plaintiffs CARODEN TAFFE, IVY ROSE, ANGELA DARBY, JOAN MORRISON, VALENCIA SMITH, SADE WILLIAMS, TELIKI EUBANKS, SUSHAWNA LEWIS, and KEMAR GAYLE, whose constitutional rights were being violated in their presence by other officers.

54.     The defendants failed to intervene to prevent the unlawful conduct described herein.

55.     As a result of the foregoing, plaintiffs CARODEN TAFFE, IVY ROSE, ANGELA DARBY, JOAN MORRISON, VALENCIA SMITH, SADE WILLIAMS, TELIKI EUBANKS, SUSHAWNA LEWIS, and KEMAR GAYLE'S liberty was restricted for an extended period of time, they were put in fear of their safety, and they were humiliated and subjected to handcuffing, illegal searches, and other physical restraints.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(Violation of the Equal Protection Clause under 42 U.S.C. § 1983)

56.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "55" with the same force and effect as if fully set forth herein.

57.     The defendants falsely arrested and maliciously prosecuted plaintiff KEMAR GAYLE, and falsely arrested and illegally searched plaintiffs CARODEN TAFFE, IVY ROSE, ANGELA DARBY, JOAN MORRISON, VALENCIA SMITH, SADE WILLIAMS, TELIKI EUBANKS, and SUSHAWNA LEWIS, because of the plaintiffs' national origin, and/or race, or otherwise failed to intervene to prevent such treatment committed in their presence by other

9

NYPD officers.

58.     As a result of the foregoing, the plaintiffs were deprived of their rights under the Equal Protection Clause of the United States Constitution.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
### (Deprivation of Substantive Due Process under 42 U.S.C. § 1983)

59.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "58" with the same force and effect as if fully set forth herein.

60.     The defendants conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment.

61.     As a result of the foregoing, the plaintiffs were deprived of their liberty and right to substantive due process, causing emotional and physical injuries.

## AS AND FOR A NINTH CAUSE OF ACTION
### (Supervisory Liability under 42 U.S.C. § 1983)

62.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "61" with the same force and effect as if fully set forth herein.

63.     The supervisory defendants personally caused plaintiffs' constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

## AS AND FOR A TENTH CAUSE OF ACTION
### (Municipal Liability under 42 U.S.C. § 1983)

64.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "63" with the same force and effect as if fully set forth herein.

65.     Defendants, collectively and individually, while acting under color of state law,

engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

66.     The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to: arresting people without probable cause and then committing perjury and/or manufacturing evidence in an effort to convict such individuals; arresting people without probable cause merely based on their presence at the location of the execution of a search warrant, and; illegally strip searching people in the absence of reasonable individualized suspicion that the individual was in possession of weapons or contraband at the time of the search.  In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training, promoting, compensating and supervising its employees that was the moving force behind the violation of plaintiffs' rights as described herein.  As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, promote, compensate and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

67.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiffs.

68.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiffs as alleged herein.

69.     The foregoing customs, policies, usages, practices, procedures and rules of the

11

70. As a result of the foregoing customs, policies, usages, practices, procedures and

rules of the CITY OF NEW YORK and the New York City Police Department, plaintiffs were

falsely arrested, and maliciously prosecuted.

71. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiffs' constitutional rights.

72. All of the foregoing acts by defendants deprived plaintiffs of federally protected rights, including, but not limited to, the right:

    A.    Not to be deprived of liberty without due process of law;

    B.    To be free from false arrest/unlawful imprisonment;

    C.    To be free from unlawful strip searches;

    D.    To be free from the failure to intervene;

    E.    To be free from the excessive use of force;

    F.    To be free from malicious prosecution;

    G.    To be free from malicious abuse of process;

    H.    To receive equal protection under law.

73. As a result of the foregoing, plaintiffs are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

## Supplemental State Law Claims

74. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "73" with the same force and effect as if fully set forth herein.

75.     Within ninety (90) days after the claim herein accrued, plaintiffs CARODEN TAFFE, IVY ROSE, ANGELA DARBY, JOAN MORRISON, VALENCIA SMITH, SADE WILLIAMS, TELIKI EUBANKS, and SUSHAWNA LEWIS, duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

76.     The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

77.     This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

78.     Plaintiffs CARODEN TAFFE, IVY ROSE, ANGELA DARBY, JOAN MORRISON, VALENCIA SMITH, SADE WILLIAMS, TELIKI EUBANKS, and SUSHAWNA LEWIS have complied with all conditions precedent to maintaining the instant action.

79.     This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION
(False Arrest under the laws of the State of New York)

80.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "79" with the same force and effect as if fully set forth herein.

81.     Defendants arrested plaintiffs CARODEN TAFFE, IVY ROSE, ANGELA DARBY, JOAN MORRISON, VALENCIA SMITH, SADE WILLIAMS, TELIKI EUBANKS, and SUSHAWNA LEWIS, without probable cause.

82.     Plaintiffs CARODEN TAFFE, IVY ROSE, ANGELA DARBY, JOAN MORRISON, VALENCIA SMITH, SADE WILLIAMS, TELIKI EUBANKS, and SUSHAWNA LEWIS, were detained against their will for an extended period of time and subjected to physical restraints.

83.     As a result of the aforementioned conduct, plaintiffs CARODEN TAFFE, IVY ROSE, ANGELA DARBY, JOAN MORRISON, VALENCIA SMITH, SADE WILLIAMS, TELIKI EUBANKS, and SUSHAWNA LEWIS, were unlawfully imprisoned in violation of the laws of the State of New York.

84.     As a result of the aforementioned conduct, plaintiffs CARODEN TAFFE, IVY ROSE, ANGELA DARBY, JOAN MORRISON, VALENCIA SMITH, SADE WILLIAMS, TELIKI EUBANKS, and SUSHAWNA LEWIS, suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

## AS AND FOR A TWELFTH CAUSE OF ACTION
(Assault under the laws of the State of New York)

85.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "84" with the same force and effect as if fully set forth herein.

86.     As a result of the foregoing, plaintiffs CARODEN TAFFE, IVY ROSE, ANGELA DARBY, JOAN MORRISON, VALENCIA SMITH, SADE WILLIAMS, TELIKI EUBANKS, and SUSHAWNA LEWIS, were placed in apprehension of imminent harmful and offensive bodily contact.

87.     As a result of defendant's conduct, plaintiffs CARODEN TAFFE, IVY ROSE, ANGELA DARBY, JOAN MORRISON, VALENCIA SMITH, SADE WILLIAMS, TELIKI EUBANKS, and SUSHAWNA LEWIS, have suffered physical pain and mental anguish,

together with shock, fright, apprehension, embarrassment, and humiliation.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
(Battery under the laws of the State of New York)

88. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "87" with the same force and effect as if fully set forth herein.

89. Defendants made offensive contact with plaintiffs CARODEN TAFFE, IVY ROSE, ANGELA DARBY, JOAN MORRISON, VALENCIA SMITH, SADE WILLIAMS, TELIKI EUBANKS, and SUSHAWNA LEWIS, without privilege or consent.

90. As a result of defendants' conduct, plaintiffs CARODEN TAFFE, IVY ROSE, ANGELA DARBY, JOAN MORRISON, VALENCIA SMITH, SADE WILLIAMS, TELIKI EUBANKS, and SUSHAWNA LEWIS, have suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION
(Unlawful Strip Search under the laws of the State of New York)

91. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "90" with the same force and effect as if fully set forth herein.

92. Plaintiffs CARODEN TAFFE, ANGELA DARBY, JOAN MORRISON, VALENCIA SMITH, SADE WILLIAMS, TELIKI EUBANKS, and SUSHAWNA LEWIS, were unlawfully strip searched in the absence of reasonable individualized suspicion that plaintiffs were in possession of weapons or contraband at the time he was searched.

93. As a result of defendants' conduct, plaintiffs CARODEN TAFFE, ANGELA DARBY, JOAN MORRISON, VALENCIA SMITH, SADE WILLIAMS, TELIKI EUBANKS, and SUSHAWNA LEWIS, have suffered mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

15

## AS AND FOR A FIFTEENTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress under the laws of the State of New York)

94.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "93" with the same force and effect as if fully set forth herein.

95.     The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

96.     The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

97.     The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

98.     The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiffs CARODEN TAFFE, IVY ROSE, ANGELA DARBY, JOAN MORRISON, VALENCIA SMITH, SADE WILLIAMS, TELIKI EUBANKS, and SUSHAWNA LEWIS.

99.     As a result of the aforementioned conduct, plaintiffs CARODEN TAFFE, IVY ROSE, ANGELA DARBY, JOAN MORRISON, VALENCIA SMITH, SADE WILLIAMS, TELIKI EUBANKS, and SUSHAWNA LEWIS, suffered emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

## AS AND FOR A SIXTEENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

100.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraph numbered "1" through "99" with the same force and effect as if fully set forth herein.

101.     Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted

16

and participated in the arrest and search of plaintiffs CARODEN TAFFE, IVY ROSE, ANGELA DARBY, JOAN MORRISON, VALENCIA SMITH, SADE WILLIAMS, TELIKI EUBANKS, and SUSHAWNA LEWIS.

102. Defendant CITY OF NEW YORK knew, or should have know in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

## AS AND FOR A SEVENTEENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

103. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "102" with the same force and effect as if fully set forth herein.

104. Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest and seach of plaintiffs CARODEN TAFFE, IVY ROSE, ANGELA DARBY, JOAN MORRISON, VALENCIA SMITH, SADE WILLIAMS, TELIKI EUBANKS, and SUSHAWNA LEWIS.

## AS AND FOR AN EIGHTEENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

105. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "104" with the same force and effect as if fully set forth herein.

106. Plaintiffs CARODEN TAFFE, IVY ROSE, ANGELA DARBY, JOAN MORRISON, VALENCIA SMITH, SADE WILLIAMS, TELIKI EUBANKS, and SUSHAWNA LEWIS' injuries herein were caused by the carelessness, recklessness and

17

negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

### AS AND FOR A NINETEENTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

107.   Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "106" with the same force and effect as if fully set forth herein.

108.   Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

109.   As a result of the foregoing, plaintiffs CARODEN TAFFE, IVY ROSE, ANGELA DARBY, JOAN MORRISON, VALENCIA SMITH, SADE WILLIAMS, TELIKI EUBANKS, and SUSHAWNA LEWIS, are entitled to compensatory damages in amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A TWENTIETH CAUSE OF ACTION
(Violation of NYS Constitution Article 1 §11)

110.   Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "109" with the same force and effect as if fully set forth herein.

111.   As a result of defendants' conduct, plaintiffs CARODEN TAFFE, IVY ROSE, ANGELA DARBY, JOAN MORRISON, VALENCIA SMITH, SADE WILLIAMS, TELIKI

18

EUBANKS, SUSHAWNA LEWIS, and KEMAR GAYLE, were deprived of their right to equal protection of laws.

## AS AND FOR A TWENTY FIRST CAUSE OF ACTION
### (Violation of NYS Constitution Article 1 §12)

112.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "111" with the same force and effect as if fully set forth herein.

113.    As a result of defendants' conduct, plaintiffs CARODEN TAFFE, IVY ROSE, ANGELA DARBY, JOAN MORRISON, VALENCIA SMITH, SADE WILLIAMS, TELIKI EUBANKS, SUSHAWNA LEWIS, and KEMAR GAYLE, were deprived of their right to security against unreasonable searches, seizures, and interceptions.

**WHEREFORE**, plaintiffs CARODEN TAFFE, IVY ROSE, ANGELA DARBY, JOAN MORRISON, VALENCIA SMITH, SADE WILLIAMS, TELIKI EUBANKS, SUSHAWNA LEWIS, and KEMAR GAYLE demand judgment and pray for the following relief, jointly and severally, against the defendants:

(A)     full and fair compensatory damages in an amount to be determined by a jury;

(B)     punitive damages in an amount to be determined by a jury;

(C)     reasonable attorney's fees and the costs and disbursements of this action; and

(D)     such other and further relief as appears just and proper.

Dated: Brooklyn, New York
      May 26, 2010

                              LEVENTHAL & KLEIN, LLP
                              45 Main Street, Suite 230
                              Brooklyn, New York 11201
                              (718) 722-4100

                              By:     _____
                                      BRETT H. KLEIN (BK4744)

                              Attorneys for Plaintiffs CARODEN TAFFE, IVY
                              ROSE, ANGELA DARBY, JOAN MORRISON,
                              VALENCIA SMITH, SADE WILLIAMS, TELIKI
                              EUBANKS,  SUSHAWNA LEWIS, and KEMAR
                              GAYLE

20